1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

| | | |
|---|---|---|
| TIMOTHY WARD, | ) | CASE NO. 1:10-cv-00186-GSA PC |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING COMPLAINT, WITH |
| | ) | LEAVE TO FILE AMENDED COMPLAINT |
| v. | ) | WITHIN THIRTY DAYS |
| | ) | |
| JAMES HARTLEY, | ) | (Doc. 1) |
| | ) | |
| Defendant. | ) | |
| _____ | / | |

10

11

12

13

14

15

**Screening Order**

16

**I.    Screening Requirement**

17    Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights

18    action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction

19    pursuant to 28 U.S.C. § 636(c)(1).

20    The Court is required to screen complaints brought by prisoners seeking relief against a

21    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22    Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(b)(1),(2).

25    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28    ///

1

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.   Plaintiff's Claims

The events at issue in this action occurred while Plaintiff was housed at Avenal State Prison. Plaintiff names as the defendant in this action James Hartley, Warden of Avenal State Prison. Plaintiff's statement of claim, in its entirety, follows:

On or about 2-19-09 I appeared in front of an Institution Classification Committee (I.C.C.) and requested to be placed on a sensitive needs yard (S.N.Y.), that was granted instead of being placed on a S.N.Y., I was placed back onto a general population yard (G.P.) where I was attacked by two inmates causing physical and mental injuries and the loss of personal property, as well as damaging my prescription eyeglasses, because of the improper placement by staff at Avenal State Prison (A.S.P.), my health and welfare was placed in extreme danger.

(Compl. ¶ IV.)

///

///

## A.   **Eighth Amendment Failure to Protect Claim**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (*citing* Helling v. McKinney, 509 U.S. 25, 31 (1993)).  Prison officials have a duty to take reasonable steps to protect inmates from physical abuse.  Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982).  To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety."  Farmer, 511 U.S. at 834.  The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'"  Farmer, 511 U.S. at 843 (*citing* Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result."  Farmer, 511 U.S. at 835.  The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware."  Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious."  Id. at 834.  Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety."  Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995).  To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge.  Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

Here, although Plaintiff alleges facts indicating that he was subjected to a serious threat to his safety, he fails to allege any facts indicating that the sole defendant in this case knew of and was deliberately indifferent to the risk to Plaintiff.   Plaintiff may not hold Warden Hartley liable solely because of his position as the Warden at Avenal State Prison.  Under section 1983, Plaintiff must allege facts indicating that Warden Hartley personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and

1    each defendant is only liable for his or her own misconduct. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1948-

2    49 (2009).   A supervisor may be held liable for the constitutional violations of his or her

3    subordinates only if he or she "participated in or directed the violations, or knew of the violations

4    and failed to act to prevent them." <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989); <u>also</u> <u>Corales</u>

5    <u>v. Bennett</u>, 567 F.3d 554, 570 (9th Cir. 2009); <u>Preschooler II v. Clark County School Board of</u>

6    <u>Trustees</u>, 479 F.3d 1175, 1182 (9th Cir. 2007); <u>Harris v. Roderick</u>, 126 F.3d 1189, 1204 (9th Cir.

7    1997).   Plaintiff has not alleged any facts indicating that Defendant Hartley had any personal

8    knowledge of a risk to Plaintiff and acted with deliberate disregard to that risk.  He should therefore

9    be dismissed.

10   **III.   <u>Conclusion and Order</u>**

11       The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

12   which relief may be granted under section 1983.   The Court will provide Plaintiff with the

13   opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

14   <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

15   change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George</u>,

16   507 F.3d at 607 (no "buckshot" complaints).

17       Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

18   named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,

19   <u>Hydrick</u>, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be

20   [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v.</u>

21   <u>Twombly</u>, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

22        Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,

23   <u>Forsyth v. Humana, Inc.</u>, 114 F.3d 1467, 1474 (9th Cir. 1997); <u>King v. Atiyeh</u>, 814 F.2d 565, 567

24   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

25   pleading," Local Rule 220.  Plaintiff is warned that "[a]ll causes of action alleged in an original

26   complaint which are not alleged in an amended complaint are waived." <u>King</u>, 814 F.2d at 567 (citing

27   to <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981)); <u>accord</u> <u>Forsyth</u>, 114 F.3d at

28   1474.

4

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.  Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.  The Clerk's Office shall send to Plaintiff a complaint form;

3.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4.  Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.  If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:**   **November 3, 2010**             _____ **/s/ Gary S. Austin**_____
                                             UNITED STATES MAGISTRATE JUDGE