**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WARD,<br><br>        Plaintiff,<br><br>   v.<br><br>JAMES HARTLEY,<br><br>        Defendant. | CASE NO. 1:10-cv-00186-GSA PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF COULD BE GRANTED |

**I.    Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (209), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

## II.     Plaintiff's Claims

This action proceeds on the December 6, 2010, first amended complaint, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file an amended complaint. The events at issue in this action occurred while Plaintiff was housed at Avenal State Prison. Plaintiff names as the defendant in this action James Hartley, Warden of Avenal State Prison and "all members of the I.C.C. committee, all staff in the Administrative Segregation Unit, and the Housing Assignment officer that placed me back into general population housing." Plaintiff's statement of claim, in its entirety, follows:

> On or about Feb. 21, 2009, I appeared in front of an Institution Classification Committee (I.C.C.) Where I requested and was granted the placement on to a sensitive needs yard (S.N.Y.) The facility housing unit officer instead placed me back into the general population where I was attacked three days later by multiple inmates,

>physically injured from the attack, and a majority of my personal possessions were taken by general population inmates, also my prescription glasses were damaged.

(Am. Compl. ¶ IV.)

### A.     **Eighth Amendment Failure to Protect Claim**

"The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (*citing* Helling v. McKinney, 509 U.S. 25, 31 (1993)). Prison officials have a duty to take reasonable steps to protect inmates from physical abuse. Farmer, 511 U.S. at 833; Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent to a serious threat to the inmates's safety." Farmer, 511 U.S. at 834. The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health ... .'" Farmer, 511 U.S. at 843 (*citing* Helling v. McKinney, 509 U.S. 25, 35 (1993)). The Supreme Court has explained that "deliberate indifference entails something more than mere negligence ... [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." Farmer, 511 U.S. at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." Id. at 836-37.

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837; Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir. 1995). To prove knowledge of the risk, however, the prisoner may rely on circumstantial evidence; in fact, the very obviousness of the risk may be sufficient to establish knowledge. Farmer, 511 U.S. at 842; Wallis v. Baldwin, 70 F.3d 1074, 1077 (9th Cir. 1995).

The allegations in the amended complaint are substantially similar to the allegations in the original complaint. Although Plaintiff alleges facts that, liberally construed, indicate that he was

3

subjected to a serious threat to his safety, he fails to allege any facts indicating that any of the defendants in this case knew of and was deliberately indifferent to the risk to Plaintiff.    As to Warden Hartley, Plaintiff may not hold him liable solely because of his position as the Warden at Avenal State Prison.  Under section 1983, Plaintiff must allege facts indicating that Warden Hartley personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1948-49 (2009).  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).   Plaintiff has not alleged any facts indicating that Defendant Hartley had any personal knowledge of a risk to Plaintiff and acted with deliberate disregard to that risk.  He should therefore be dismissed.

As to the additional defendants, "all members of the I.C.C. committee, all staff in the Administrative Segregation Unit, and the Housing Assignment officer that placed me back into general population housing," Plaintiff does not identify who any of these individual defendants are.  Nor does Plaintiff charge any particular defendant with conduct that constitutes deliberate indifference as that term is defined above.  The facts alleged indicate that Plaintiff requested placement on a sensitive needs yard, but the Housing Unit Officer placed Plaintiff on a general population yard instead.  That Plaintiff, in his view, needed to be placed on a sensitive needs yard does not subject the Housing Unit Officer to liability.  Plaintiff's allegations, at most, indicate a disagreement with the officer's decision.  Plaintiff has not alleged any facts indicating that the Housing Unit Officer knew of a particular threat to Plaintiff.  A generalized fear of placement in the general population is insufficient to hold any individual defendant liable for placing Plaintiff on a general population yard.  Plaintiff has therefore failed to state a claim for relief.

### III.   Conclusion and Order

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

1  which relief may be granted under section 1983.  Plaintiff has been advised of the deficiencies in the
2  complaint and has been provided with an opportunity to cure them.  Plaintiff has failed to do so.
3  Accordingly, the Court will dismiss this action without further leave to amend, and order that this
4  action be dismissed.  <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).
5         Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a
6  claim upon which relief could be granted.  The Clerk is directed to close this case.

12        IT IS SO ORDERED.
13        **Dated:**    **December 16, 2010**                        /s/ **Gary S. Austin**
                                                           UNITED STATES MAGISTRATE JUDGE